UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC RISK INNOVATIONS, SOLUTIONS, AND MANAGEMENT,<br><br>Petitioner,<br><br>v.<br><br>AMTRUST FINANCIAL SERVICES, INC., et al.,<br><br>Respondents. | Case No. 21-cv-03573-EMC<br><br>**ORDER RE PETITIONER'S MOTION TO COMPEL ARBITRATION AND RESPONDENT'S CROSS-MOTION TO COMPEL ARBITRATION**<br><br>Docket No. 12, 20 |

Currently pending before the Court are the parties' cross-motions to compel arbitration. Both parties agree that they have two disputes that *should* be arbitrated (one concerning the GL-1 Certificate and the other concerning the GL-2 Certificate). However, they disagree over *who* the arbitrators should be; hence, the pending motions. The crux of the dispute is whether Mr. Conley, the arbitrator selected by PRISM (one of three people on the arbitration panel), should be disqualified from being an arbitrator.

Having considered the parties' briefs and accompanying submissions, the Court finds that Mr. Conley is not a qualified arbitrator under the terms of the parties' arbitration agreement. However, the Court rejects AmTrust's argument that, because Mr. Conley is not a qualified arbitrator, PRISM has failed to select an arbitrator and that therefore AmTrust has the right to select a second arbitrator of its choice.

## I. DISCUSSION

As an initial matter, the Court notes that the parties agreed that this dispute should be decided by the Court now (rather than after the arbitrations are completed, at which time AmTrust,

if it were the losing party in the arbitrations, could seek to vacate the arbitration decisions on the ground of bias on the part of Mr. Conley). *Compare Serv. Partners, LLC v. Am. Home Assurance Co.*, No. CV-11-01858-CAS(Ex), 2011 U.S. Dist. LEXIS 67207, at *11 (C.D. Cal. June 20, 2011) (noting that "the Agreement does not allow one party to disqualify the other's named arbitrator"; also, "[i]t is well established that a district court cannot entertain an attack upon the qualifications of or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award"), *with Availl, Inc. Ryder Sys.,* 110 F.3d 892, 895-96 (2d Cir. 1997) (noting there are some "cases in which an arbitrator was removed prior to arbitration on account of a relationship with one party to the dispute").

Turning to the merits, the Court rejects PRISM's argument that AmTrust has waived the right to challenge Mr. Conley.

> "'[W]aiver is the intentional relinquishment of a known right after knowledge of the facts.' The burden . . . is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver.'"

*Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 31 (1995). PRISM has not satisfied this high burden. Although the arbitration agreement includes a "time is of the essence" provision, it did not provide a specific deadline by which a party must make an objection to an arbitrator. PRISM has not proven a waiver here.

AmTrust contends that Mr. Conley is not a qualified arbitrator because (1) he is not a "current or former official[] of [an] . . . insurance or reinsurance compan[y]" and (2) even if he were, he is not a "disinterested" official. Brenneman Decl., Exs. A-B (Certificates, General Condition No. 9) (providing that the arbitrators on the panel must be "disinterested current or former officials of property and casualty insurance or reinsurance companies not under the control or management of either party").

AmTrust's first argument is not persuasive. Admittedly, Mr. Conley has only been "general counsel to numerous joint powers authorities [JPAs] and self-insurance joint powers authorities and risk pools." Brenneman Decl. ¶ 19. Also, courts have held that self-insurance does not mean the same thing as "insurance" as that term is defined in the California Insurance

2

Code.  Nevertheless, that does not mean that JPAs can never be deemed insurance companies for purposes of the arbitration agreement at issue here.  This is especially true given that, as a practical matter, a self-insurance pool serves the same purpose as insurance and is recognized as an alternative to insurance.  *See City of South El Monte v. S. Cal. Jt. Powers Ins. Auth.*, 38 Cal. App. 4th 1629, 1634 (1995) (noting that the intent of the legislature in adopting Ca. Gov't Code § 990.8(c) was to "recognize these self-insuring pools as an alternative to insurance and remove them from *regulation* under the Insurance Code") (emphasis added).

The case on which AmTrust relies, *Orange County Water Dist. v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 54 Cal. App. 4th 772 (1997), is not dispositive because the Court must consider the specific contract before it.  Here, the contract at issue indicates that the term "insurance" should be interpreted more broadly (*i.e.*, compared to the California Insurance Code).  For example, the Certificates refer to PRISM as a "Company," even though it is a public entity, and to the coverage PRISM provides its members as both a "Policy" and "(re)insurance contract(s)" (and not just Memoranda of Coverage).  *See* Brenneman Decl., Exs. A-B (Certificates, General Condition No. 1) (defining "Company" as "[t]he entity or entities ceding reinsurance under this Certificate" and the "Policy Reinsured" as "[t]he (re)insurance contract(s), including Memorandum Of Coverage(s) reinsured by this Certificate"); *see also* Reply at 3 n.4 (noting that "JPAs do not issue policies – they issue Memoranda of Coverage").

Furthermore, a more generous interpretation of "insurance" is consistent with the specific process that the parties agreed to for selection of the arbitration panel – *i.e.*, as PRISM argues, the whole point of the selection process was to allow each side to pick an arbitrator representative of its general interests and then have those arbitrators pick the third neutral.  *See* Reply at 4.

That Mr. Conley can fairly be said to have worked for an "insurance" company within the meaning of the arbitration agreement, however, is not the end of the matter.  He must also be "disinterested."  Mr. Conley does not meet this requirement.  PRISM does not dispute that Mr. Conley is currently an official for (1) entities that have members who are also members of PRISM or (2) entities that are actually members of PRISM itself.  Given this fact, Mr. Conley cannot be said to be "disinterested" within the meaning of the arbitration agreement.  Mr. Conley could feel

3

some pressure to take positions favorable to PRISM because of the relationship between PRISM and the entities he works for. This is true even if the entities or their members have no direct financial interest in how the parties' dispute here is resolved.

Accordingly, the Court concludes that Mr. Conley is not a qualified arbitrator. PRISM must now select a new arbitrator(s) for the GL-1 and GL-2 arbitrations. The Court acknowledges AmTrust's contention that PRISM has forfeited the right to select an arbitrator for the GL-2 arbitration. This contention is meritless. PRISM did not fail to appoint an arbitrator; it appointed Mr. Conley. That Mr. Conley is not qualified to be an arbitrator does not mean that PRISM failed to act.

## II. CONCLUSION

Mr. Conley is not a qualified arbitrator, but PRISM has the right to select a new arbitrator in his place for both the GL-1 and GL-2 arbitrations.

Because the pending dispute between the parties has been resolved, the Court directs the Clerk of the Court to administratively close this case. However, this does not preclude the parties from asking the Court to reopen this action should there be another dispute about the qualifications of an arbitrator. Any further dispute shall be brought to the Court's attention by way of a short joint letter, not a fully noticed motion. The Court strongly discourages further litigation about the arbitration (litigation which inflicts needless and wasteful costs on the clients) and urges the parties to carry out the arbitrations.

This order disposes of Docket Nos. 12 and 20.

**IT IS SO ORDERED**.

Dated: July 12, 2021

_____
EDWARD M. CHEN
United States District Judge